UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | No. 3-05-70700 BZ |
| v. | ) ) | |
| Malik Attiba White, | ) ) | **DETENTION ORDER** |
| Defendant. | ) ) | |

This matter came before the Court on August 30, 2005 for a detention hearing.  The defendant, Malik Attiba White, was present and represented by Elizabeth Falk of the Public Defender's Office.  Assistant United States Attorney Kyle Waldinger appeared for the United States of America.

Pretrial Services submitted a report that recommended detention.  Proffers and arguments regarding detention were submitted by the parties at the hearing.

Having considered the parties' proffers, the Pretrial Services Report and the files and records in this matter, I find that the government has met its burden of showing by a preponderance of the evidence that the defendant is a flight risk and by clear and convincing evidence that the defendant

1

is a danger to the community and that no conditions of release will reasonably assure his appearance or the safety of the community.  In so finding, I have considered the following factors:

    1.   Given the charge defendant faces, violation of 21 U.S.C. 841(a)(1), it is presumed, subject to rebuttal, that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." See 18 U.S.C. §§ 3142(e) & (g)(1). Defendant has failed to dispel either presumption.

    2. The defendant is charged with an offense that carries a maximum term of life imprisonment. This substantial sentence gives defendant an incentive to flee.  He also has several failures to appear on his record.

    3.   The defendant has a prior criminal record that includes six felony convictions, generally for dealing drugs. In passing the Bail Reform Act of 1984, Congress was particularly concerned with the danger that drugs pose to the community.

    4.   The defendant has violated the terms of his parole at least five times and there is presently a parole detainer lodged against him.  Clearly, he is not amenable to supervision.

    5.   Defendant has family ties to the community and has lived here all his life, when he was not in prison.  He does not have a history of stable employment.  However, the majority of the defendant's family, including both his birth parents and adoptive parents, were not present at the hearing,

2

1  and appear to be unwilling to act as his surety.

2      6.  Defendant did not proffer any conditions of
3  release, nor have any occurred to the court, that would
4  reasonably assure the defendant will not continue to deal in
5  illegal narcotics or will appear before this court.

6      Therefore, **IT IS HEREBY ORDERED** that:

7      1.  The defendant be, and hereby is, committed to
8  the custody of the Attorney General for a confinement in a
9  corrections facility separate, to the extent practicable, from
10 persons awaiting or serving sentences or being held in custody
11 pending appeal;

12     2.  The defendant be afforded reasonable opportunity
13 for private consultation with his counsel; and

14     3.  On order of a court of the United States or on
15 request of an attorney for the government, the person in
16 charge of the corrections facility in which the defendant is
17 confined shall deliver the defendant to an authorized Deputy
18 United States Marshal for the purpose of any appearance in
19 connection with a court proceeding.

20 Dated: August 31, 2005

21                                 _____
22                                 Bernard Zimmerman
                          United States Magistrate Judge

23 G:\BZALL\CRIMINAL\ORDERS\DETENTIO\2005\WHITEDETENTION.wpd

24

25

26

27

28